**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SERAFINA LICCARDI and** | ) | |
| **ILLUMINATION PUBLICATION, LLC,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **No. 3:21-CV-0314-E (BH)** |
| | ) | |
| **FREDERICK W. SMITH, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before the Court is the plaintiff's *Request for Cease-and-Desist Order*, filed on October 15, 2021 (doc. 51). Based on the relevant filings and applicable law, the filing should be construed as seeking a temporary restraining order and/or injunctive relief and **DENIED**.

**I.  BACKGROUND**

This lawsuit arises from the plaintiff's order for 200 coins bearing her custom art that were allegedly lost during shipment and are now missing. (*See* doc. 14 at 11.)[2] The plaintiff filed this *pro se* action on February 12, 2021, alleging that the defendants or their employees "**Negligently** 'Handled' and **Lost** [her] Private, *Unfinished* Limited-Edition, trademark and copyright Protected Merchandise, . . . causing an unknown but Colossal amount of Financial Damage." (*See* doc. 3; doc. 14 at 6 (emphasis original).) The named defendants include the owner and deputy chief of Federal Express Corporation. (doc. 14 at 2.) It is not apparent from the record whether all parties have been properly served, and none has yet appeared in this action.

The plaintiff now contends that newly discovered defendants have taken credit for her idea and plagiarized her story and have made it into a movie, and she seeks a "cease-and desist order."

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(doc. 51 at 1-2.)  The entirety of her motion states:

> I, Serafina Liccardi - Plaintiff Pro Se, am Requesting from the Court Cease-and Desist Orders for the following Newly Discovered Defendants: **Ian Shorr; Paramount Pictures; Jeff Bezos; and Amazon Video**, for the Newly Discovered Plagiarized version of MY Trademark and Copyright Protected Story that has been made into the Hollywood Movie "INFINITE".
>
> Ian Shorr is taking credit for coming up with an "IDEA" that is MY REAL-LIFE STORY - THE RETURN OF THE DIVIN SERAPHIM - (Exhibit D - Copy of My Book provided)
>
> It is Plagiarized from cover to cover and uses MY HOURGLASS AND BELT to come up with Renaming it "INFINITE".
>
> Please GRANT my Request for Cease-Desist Orders to the aforementioned Newly Discovered Defendants in this Colossal and Incalculable Infringement.

(*See id.*)

## II.  TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

A preliminary injunction can be issued only after notice to the adverse party.  *See* Fed. R. Civ. P. 65(a)(1).  Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

The plaintiff has not shown that she has given notice to the "newly discovered defendants" who have not yet been named in this action of her request for injunctive relief. Neither has she satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified com-

plaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before they can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. Her motion is subject to denial for this reason alone.

In addition, the plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008); *see also White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted); *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, the plaintiff's motion does not address the requirements for a preliminary injunction. The issues raised the motion do not relate to her claims regarding the lost items. It neither alleges

nor shows a substantial likelihood that she will prevail on the merits of her case, or that there is a substantial threat of irreparable injury if an injunctive relief is not granted.  The motion does not address the public interests or weigh any threatened injury against damage to the defendants.  The plaintiff has not carried her heavy burden to show that a temporary restraining order or preliminary injunction should issue in this case.

### III. RECOMMENDATION

The plaintiff's filing should be liberally construed as a motion for a temporary restraining order and/or injunctive relief, and it should be **DENIED**.

**SO ORDERED this 19th day of October, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE