**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SERAFINA LICCARDI,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:21-CV-0314-E (BH)** |
| | ) | |
| **FREDERICK W. SMITH, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's *Motion for Leave to File Additional Defendants: 10/13/21, For Infringement; Plagiarism; and the Sale, Distribution and Financial Gain of MY Trademark and Copyrigth Protected <u>STORY</u>,* filed October 15, 2021 (doc. 52).  Based on the relevant filings and applicable law, the plaintiff's motion to add new claims against new defendants in this case is **DENIED**, but her proposed amended complaint will be filed in a new civil action.

## I.  BACKGROUND

This lawsuit arises from Serafina Liccardi's (Plaintiff) order for 200 coins bearing her custom art that were allegedly lost during shipment and are now missing.  (*See* doc. 14 at 11.)[2] Plaintiff filed this *pro se* action on February 12, 2021, alleging that the defendants or their employees "**<u>Negligently</u>** 'Handled' and **Lost** [her] Private, ***Unfinished*** Limited-Edition, trademark and copyright Protected Merchandise, . . . causing an unknown but Colossal amount of Financial Damage."  (*See* doc. 3; doc. 14 at 6 (emphasis original).)  The named defendants include the owner and deputy chief of Federal Express Corporation.  (doc. 14 at 2.)  It is not apparent from the record whether all parties have been properly served, and none has yet appeared in this action.

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff now seeks to amend her complaint to add new defendants who allegedly plagiarized and infringed her life story after she filed this lawsuit, made it into a Hollywood movie, and streamed it on its platforms. (*See* doc. 52 at 1, 8, 10, 17-18.)

## II.  RULE 15

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend "should not be denied 'unless there is a *substantial* reason to do so.'" *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (emphasis added) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, Plaintiff seeks to add new claims against new defendants for alleged plagiarism and trademark infringement that occurred after this lawsuit was filed. "Where a party seeks leave to 'add[] both new [defendants] and new claims, both the joinder provisions of Fed. R. Civ. P. 20(a) and the amendment provisions of Fed. R. Civ. P. 15(a) apply.'" *Ingram v. Davis*, No. 3:19-cv-1858-L-BN, 2019 WL 7461697, at *3 (N.D. Tex. Dec. 4, 2019). Rule 20 allows multiple defendants to be joined in one action if (1) any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). A party is misjoined if the conditions for permissive joinder set forth in Rule 20(a)(2) are not met. *Mannatech, Inc. v. Country Life, LLC*, 2010 WL 2944574, at * 1 (N.D. Tex. July 26, 2010). A court may remedy misjoinder by dropping the misjoined parties on such terms that are just, or by severing any claims against the misjoined parties and allowing them to proceed separately. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (citations omitted); Fed. R. Civ. P. 21. Even if the conditions for permissive joinder are met, a court retains the discretion to refuse joinder to avoid prejudice and delay, ensure judicial economy, or safeguard the principles of fundamental fairness. *See Acevedo*, 600 F.3d at 521 (citations omitted); *see also Bonner v. Bosworth*, No. 3:10-CV-2150-O-BH, 2010 WL 11534476, at *1 (N.D. Tex. Nov. 30, 2010), *adopted by* 2011 WL 13199228 (N.D. Tex. May 2, 2011) (citation omitted) (noting that "[r]equiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation").

Although she seeks to assert the same causes of action that are alleged against the original defendants, Plaintiff's proposed new claims are based on events completely unrelated to those underlying the claims that she asserts in this lawsuit.  Accordingly, "[i]t is plain that no relief is sought by [Plaintiff] against these additional defendants 'arising out of the same transaction, occurrence, or series of transactions or occurrences.'" *Spencer v. Dixon*, 290 F. Supp. 531, 536 (W.D. La. 1968) (quoting Fed. R. Civ. P. 20(a)(2)).  The joinder of these claims and defendants in this case is wholly improper.

### III.  CONCLUSION

The plaintiff's motion for leave to amend to add new defendants in this case is **DENIED**.

Because her proposed claims against new defendants are unrelated to the claims that she asserts in this lawsuit, Plaintiff's proposed amended complaint is properly construed as a new civil action. The Clerk of the Court is **DIRECTED** to open a new civil case, file the proposed amended complaint in that case, file a copy of this order in that case, and directly assign the new case to the same District Judge and Magistrate Judge as in this case.

   **SO ORDERED this 19th day of October, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE