IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERAFINA LICCARDI and ILLUMINATION PUBLICATION, LLC,<br>      Plaintiffs,<br>vs.<br><br>FREDERICK W. SMITH, et al.,<br>      Defendants. | )<br>)<br>)<br>)   No. 3:21-CV-0314-E (BH)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving the defendants within 90 days.

## I. BACKGROUND

On February 12, 2021, the plaintiff filed this action and paid the filing fee. (*See* doc. 3.) By order dated February 16, 2021, the plaintiff was expressly advised of her duty to timely serve the defendant:

> Because she paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiffs do not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 5.) The order also directed the Clerk of Court, to the extent she had not already done so, to mail the plaintiff a summons and a copy of Rule 4 of the Federal Rules of Civil Procedure. (*Id.*) The docket reflects that a copy of Rule 4 was mailed to her. (*See* doc. 5-1.) Although the plaintiff

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

has filed returns of service, none reflect service on the defendants in accordance with the applicable rules. (*See* docs. 18, 32, 36, 38.)

By order dated June 21, 2021, the plaintiff was placed on notice that her filings did not reflect service on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure, and that she had not followed either state or federal law for service. (*See* doc. 43) She was also specifically notified that if she did not file a valid return of service or otherwise show that the defendants were properly served, her lawsuit was subject to dismissal under Rule 4(m). (*See id.*)

By order dated August 16, 2021, the plaintiff was directed to either file a valid return of service for each defendant, or show cause in writing why service could not be made on them, no later than August 30, 2021. (*See* doc. 47.) The order expressly stated that if the plaintiff failed to comply with the order, dismissal of the case would be recommended without further notice. (*See id.*) As of this date, she has not filed a valid return of service for each defendant, none of which have appeared, or shown cause in writing for her failure.

## II.  RULE 4(m)

Because she paid the filing fee, the plaintiff was responsible for serving each defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. She was required to make proper service within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). She was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the

2

plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, far more than 90 days have passed since the plaintiff filed this action, but she has not accomplished service on the defendants. She was specifically advised that her attempted service was not valid under federal or state law and ordered to file valid returns of service or show cause in writing as to why service could not be made on the defendants. Despite the order, the plaintiff has not filed a valid return of service or met her burden to show cause for her failure to properly serve

3

the defendants. She has not shown anything that supports the exercise of discretion to provide more time to accomplish service. Accordingly, no extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III. RECOMMENDATION

This case should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving the defendants within 90 days, and final judgment should be entered unless the plaintiff files valid proof of service for the defendants within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED** on this 12th day of August, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE